UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

AISSATOU TASFIR DIALLO,

        Petitioner,

v.

    Case No. 1:26-cv-589

    Honorable Jane M. Beckering

KEVIN RAYCRAFT,

        Respondent.

_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.    Procedural History

In Petitioner's § 2241 petition, she challenges the constitutionality of her current detention following an order issued by the Detroit Immigration Court denying her bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.4.) In an Order entered on March 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondents filed his response on March 5, 2026, (ECF No. 5), and Petitioner filed her reply on March 5, 2026, (ECF No. 6).

**II.    Factual Background**

In *Tasfir Diallo v. Raycraft*, No. 1:26-cv-260 (W.D. Mich.), Petitioner filed a previous habeas petition challenging the constitutionality of her detention at the North Lake Processing Center. By opinion entered February 3, 2026, the Court conditionally granted the writ as follows:

> The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

*Tasfir Diallo v. Raycraft*, No. 1:26-cv-260, 2026 WL 285877, at *3 (W.D. Mich. Feb. 3, 2026) (footnote omitted).

In the present petition, Petitioner notes that a bond hearing was conducted on February 10, 2026, bond was denied, and she remains detained. (Pet., ECF No. 1, PageID.1.) Petitioner contends that the bond hearing failed to satisfy the constitutional requirements of due process because, among other shortcomings, Respondent imposed the burden of proof on Petitioner, stating "[Petitioner] failed to show she is not a flight risk." (*Id.*, PageID.2.)

**III.    Discussion**

Respondent argues that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch et al.*, No. 1:25-cv-1704 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### IV.     Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

### Conclusion

The Court will order Respondent to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondent to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:     March 9, 2026                          /s/ Jane M. Beckering
                                                                    Jane M. Beckering
                                                                    United States District Judge