UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

AISSATOU TAFSIR DIALLO,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-589

Honorable Jane M. Beckering

## **ORDER**

This is a habeas corpus action brought by counsel on behalf of an individual who was most recently detained by United States Immigration and Customs Enforcement (ICE) at Calhoun County Correctional Facility in Calhoun County, Michigan. In an Opinion and Judgment entered on February 3, 2026, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. *Tasfir Diallo v. Raycraft*, No. 1:26-cv-260, 2026 WL 285877, at *3 (W.D. Mich. Feb. 3, 2026) The Court further directed Respondents to file a status report within six business days of the date of the Court's Opinion and Judgment to certify compliance with Court's Opinion and Judgment. *Id*. On February 11, 2026, Respondents filed a status report, indicating that a bond hearing had been held, and that Petitioner had been denied bond.

On February 21, 2026, Petitioner filed a second petition contending that her continued detention violated her constitutional rights because the Immigration Court had denied release on

bond after the court imposed the burden of proof on her. (Pet., ECF No. 1.) By Opinion and Judgment entered March 9, 2026, the Court conditionally granted Petitioner's second petition, directing Respondents to "provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence . . . ." (J., ECF No. 8, PageID.37.) The Immigration Court conducted a second bond hearing, again denying relief upon concluding that the government had "proven by clear and convincing evidence that respondent is a flight risk." (Order, ECF No. 9-2, PageID.48.)

After the hearing, Petitioner filed a motion to enforce the judgment contending that the second bond suffered some other constitutional flaw. (Mot., ECF No. 9.)  Petitioner seeks to challenge the nature of the bond hearing that was held in response to the Court's prior Opinion and Judgment. However, the Court notes that the issues raised, and the relief sought, in Petitioner's second § 2241 petition (ECF No. 1) were resolved by the Court's Opinion and Judgment and the holding of the second § 1226 bond hearing in Immigration Court.

Although Petitioner is free to challenge the second § 1226 bond hearing, any challenge to the constitutionality of the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition and that were not addressed by the Court's prior Opinion and Judgment. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the bond hearing that was held in response to the Court's prior Opinion and Judgment, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

Accordingly, Petitioner's motion to enforce judgment (ECF No. 9) is denied.

**IT IS SO ORDERED**.

Dated:     June 2, 2026                           /s/ Jane M. Beckering

                                                    Jane M. Beckering
                                                    United States District Judge